# COPY

**FILED**

2009 NOV 12  PM 3: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY_____

1   GLANCY BINKOW & GOLDBERG LLP
    SUSAN G. KUPFER (SBN 141724)
2   One Embarcadero Center, Suite 760
    San Francisco, CA 94111
3   Telephone: (415) 972-8160
    Facsimile: (415) 972-8166
4   E-mail: skupfer@glancylaw.com

5   GLANCY BINKOW & GOLDBERG LLP
    MICHAEL GOLDBERG (SBN 188669)
6   1801 Avenue of the Stars, Suite 311
    Los Angeles, CA 90067
7   Telephone: (310) 201-9150
    Facsimile: (310) 201-9160
8   E-mail: mmgoldberg@glancylaw.com

9   *Attorneys for Plaintiff Diana Saed*

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13



14

15  Diana Saed, individually and on behalf
    of all others similarly situated,          No. **CV09-8289** JSL (JEMx)

16
                        Plaintiff,
17
        vs.
18                                             **CLASS ACTION COMPLAINT**
    SONY OPTIARC AMERICA INC.;
19  HITACHI-LG DATA STORAGE INC.;
    and TOSHIBA SAMSUNG STORAGE         **JURY TRIAL DEMANDED**
20  TECHNOLOGY CORPORATION,

21                      Defendants.

22

23

24

25

26

27

28

1        Plaintiff Diana Saed, individually and on behalf of all others similarly

2 situated (the "Class"), brings this action for damages and injunctive relief under

3 federal antitrust laws against Defendants Sony Optiarc America Inc., Hitachi-LG

4 Data Storage Inc., and Toshiba Samsung Storage Technology Corporation.

5 Plaintiff alleges on information and belief as follows:

6                          **NATURE OF ACTION**

7       1.     This antitrust class action arises from a conspiracy to fix, raise,

8 maintain, and stabilize the prices charged for Optical Disc Drive Products

9 provided, manufactured, supplied, sold and/or distributed by any of the

10 Defendants, their subsidiaries, affiliates, or co-conspirators. Optical Disc Drive

11 Products include Optical Disc Drives (defined below), as well as products

12 containing Optical Disc Drives.

13       2.     Optical Disc Drives are drives that use laser light or electromagnetic

14 waves as part of the process of reading or writing data to or from optical discs.

15 Common types of optical drives include CD players, CD-ROM, CD-RW, DVD-

16 ROM, DVD/RW, and Blu-ray drives. These discs are made up of millions of small

17 bumps and dips. Optical drives contain lasers able to read these bumps and dips as

18 ones and zeros, which a computer can understand. Some drives can only read from

19 discs. CD and DVD writers, such as CD-R and DVD-R drives, use a laser to both

20 read and write data on the discs. The laser used for writing data is much more

21 powerful than the laser that reads data, as it "burns" the bumps and dips into the

22 disc. Recent drives are commonly both readers and recorders. Recorders are

23 sometimes called "burners" or "writers."

24       3.     Defendants are leading manufacturers of Optical Disc Drive Products,

25 and control a large segment of the optical disc drive industry which annually

26 generates worldwide revenues in excess of $8 billion.

27

28                          - 1 -

1    4.    During the period beginning at least from November 2005, and

2  continuing at least through the present (the "Class Period"), Defendants and their

3  co-conspirators agreed, combined, and conspired with each other to fix, raise,

4  maintain, and stabilize the prices of Optical Disc Drive Products. As a result of

5  Defendants' unlawful conduct and conspiracy, Plaintiff and the other members of

6  the Class paid non-competitive and artificially high prices for Optical Disc Drive

7  Products purchased from Defendants, their subsidiaries, affiliates, or conspirators,

8  and have been damaged thereby.

9                          **JURISDICTION AND VENUE**

10

11    5.    Plaintiff brings this action to obtain injunctive relief and recover treble

12  damages, costs of suit, and reasonable attorneys' fees, arising from Defendants'

13  violations of Section 1 of the Sherman Act of 1890 ("Sherman Act"), 15 U.S.C. §

14  1, pursuant to Sections 4 and 16 of the Clayton Act of 1914 ("Clayton Act"), 15

15  U.S.C. §§ 15 and 26.

16    6.    The Court has subject matter jurisdiction over this matter under 28

17  U.S.C. §§ 1331 and 1337.

18    7.    Venue is proper in this judicial district pursuant to Sections 4(a) and 12

19  of the Clayton Act, 15 U.S.C. §§ 15, 22, and 28 U.S.C. § 1391(b), (c), and (d),

20  because during the Class Period, Defendants resided, transacted business, were

21  found, or had agents in this district, and a substantial part of the events giving rise

22  to Plaintiff's claims occurred, and a substantial portion of the affected interstate

23  trade and commerce described below was carried out, in this judicial district,

24  including, among other things, the manufacture, distribution, delivery and/or sale

25  of Optical Disc Drive Products to Plaintiff and other members of the Class at

26  supra-competitive prices.

27

28                                      - 2 -

CLASS ACTION COMPLAINT

# THE PARTIES

### Plaintiff

8.     Plaintiff Diana Saed is a resident of the State of California who directly purchased, in California, an Optical Disc Drive Product during the Class Period. As a result of the conspiracy, Plaintiff has been economically injured in that the price she paid for an Optical Disc Drive Product had been artificially raised to anti-competitive levels by Defendants.

### Defendants

9.     **Sony Optiarc America, Inc. ("Sony Optiarc America")** is a Delaware corporation with its principal place of business at 1730 North First Street, San Jose, California 95112.  Sony Optiarc America is a wholly-owned subsidiary of Sony Optiarc Inc., which in turn is a wholly-owned subsidiary of Sony Corporation. Sony Optiarc America provides optical drive products used in products made by Sony Corporation as well as other electronics and personal computer makers. During the Class Period, Sony Optiarc America provided, manufactured, sold and/or distributed Optical Disc Drive Products in this district and throughout the United States, either directly or through its affiliated companies.

10.     **Hitachi-LG Data Storage Inc. ("Hitachi-LG")** is a Japanese and Korean company with its principal places of business at 4F MSC Center Building, 22-23, Kaigan 3-Chome, Minato-Ku, Tokyo, 108-0022, Japan; and LG Gaisan Digital Center, 459-9, Gasan-Dong, Geumcheon-Gu, Seoul, 153-803, Korea. Hitachi-LG is a joint venture between Hitachi, Ltd. and LG Electronics, Inc. During the Class Period, Hitachi-LG provided, manufactured, sold and/or distributed Optical Disc Drive Products in this district and throughout the United States, either directly or through its affiliated companies.

11.     **Toshiba Samsung Storage Technology Corporation ("TSST")** is a Japanese company with its principal place of business at 1-1 Shibaura 1-chome,

- 3 -

Minato-ku, Tokyo, 105-8001, Japan.  TSST is a joint venture between and Toshiba Corporation and Samsung Electronics Co., Ltd.  During the Class Period, TSST provided, manufactured, sold and/or distributed Optical Disc Drive Products in this district and throughout the United States, either directly or through its affiliated companies.

## UNNAMED CO-CONSPIRATORS

12.    On information and belief, during the Class Period, other entities and individuals not named as defendants in this Complaint conspired with Defendants in their unlawful restraint of trade by participating in, performing acts and making statements in furtherance of, the unlawful agreements alleged in this Complaint.

## AGENTS

13.    The unlawful acts alleged to have been done by Defendants and their co-conspirators were authorized, ordered, or performed by their directors, officers, managers, agents, employees or representatives while actively engaged in the management, direction, control, or transaction of Defendants' or their co-conspirators' business or affairs.  At all relevant times, each Defendant was an agent of the other Defendant or alleged co-conspirators, and, in doing the acts alleged, was acting within the course and scope of such agency.  Each Defendant ratified and authorized the wrongful acts of each of the Defendants and their co-conspirators.

## INTERSTATE AND INTERNATIONAL TRADE AND COMMERCE

14.    Throughout the Class Period, contracts, invoices for payment, payments, and other documents essential to the sale of Optical Disc Drive Products were transmitted in interstate and foreign commerce between and among offices of Defendants and their customers located in various states in the U.S.

CLASS ACTION COMPLAINT

- 4 -

15.     Throughout the Class Period, Defendants sold Optical Disc Drive Products in a continuous and uninterrupted flow of interstate trade and commerce, including through this District.

16.     Throughout the Class Period, the business activities of Defendants and their co-conspirators in connection with their alleged wrongful conduct were within the flow of, and substantially affected, interstate trade and commerce.

17.     During the Class Period, Defendants collectively controlled a large share of the market for Optical Disc Drive Products in the U.S.

## THE MANNER AND MEANS OF THE CONSPIRACY

18.     For the purpose of forming and carrying out their alleged combination and conspiracy, Defendants and their co-conspirators did those things that they combined and conspired to do, including:

(a)     participating in meetings, conversations, and communications in the U.S. and elsewhere to discuss one or more components of prices for Optical Disc Drive Products;

(b)     agreeing during those meetings, conversations, and communications to artificially fix, raise and maintain one or more price components of Optical Disc Drive Products;

(c)     levying and establishing artificially high prices in accordance with Defendants' alleged unlawful agreements;

(d)     issuing price quotations and charging prices in accordance with Defendants' alleged unlawful agreements; and

(e)     engaging in meetings, conversations, and communications in the U.S. and elsewhere for the purpose of monitoring and enforcing adherence to Defendants' alleged unlawful agreements.

CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS

19.    The market for Optical Disc Drive Products is dominated by a group of manufacturers, oligopolistic in nature, and conducive to the collusive conduct alleged. According to published reports, a handful of entities possessed large market shares – Hitachi-LG, TSST, and Sony Optiarc America account for a combined sixty percent of the market for Optical Disc Drive Products, including CD, DVD and Blu-Ray disc players.

20.    During the Class Period, the optical disc drive market has experienced significant consolidation, cross-licensing agreements and joint venture collaborations among optical disc drive manufacturers.

21.    The parent of Sony Optiarc America, Sony Optiarc, Inc. (formerly Sony NEC Optiarc Inc.), was established in 2006 as an optical disc joint venture between Sony Corporation and NEC Corporation. Sony Corporation held a 55% share and NEC Corporation held a 45% share in Sony NEC Optiarc Inc. In September 2008, Sony Corporation acquired the 45% share belonging to NEC Corporation and converted the entire entity into Sony Optiarc Inc., a Sony Corporation subsidiary.

22.    Prior to the buy-out, Sony Corporation and NEC Corporation were backing competing optical disc formats in the battle to replace DVD for high-definition video. Sony Corporation was backing the Blu-Ray format, while NEC Corporation was backing the HD-DVD format. The buy-out came at a time when HD-DVD lost against Blu-Ray in the battle to replace DVD for high-definition video.

23.    Despite the demise of the HD-DVD format, prices of Blu-Ray media formats in the Optical Disc Drive Product market have remained the same and/or increased.

24.    Upon information and belief, during the Class Period, Defendants conspired to fix prices of Optical Disc Drive Products sold in the U.S. To that end,

- 6 -

CLASS ACTION COMPLAINT

1 │ they participated in meetings, conversations and communications, together and
2 │ with their co-conspirators, in which they agreed on the prices to be charged for
3 │ Optical Disc Drive Products in the U.S.

4 │ **GOVERNMENTAL INVESTIGATIONS**

5 │     25.    A number of investigations worldwide – including an investigation by
6 │ the United States Department of Justice ("DOJ") – are currently examining
7 │ potential anticompetitive conduct in the optical disc drive market.

8 │     26.    On October 23, 2009, Sony Corporation disclosed in a Form 6K filed
9 │ with the U.S. Securities and Exchange Commission that its subsidiary, Defendant
10 │ Sony Optiarc America, had received a subpoena from the DOJ Antitrust Division
11 │ seeking information about its optical disc drive business.  Sony Corporation
12 │ acknowledged that the DOJ as well as agencies outside the United States are
13 │ investigating competition in optical disc drive products.

14 │     27.    On October 27, 2009, a DOJ spokeswoman, Gina Talamona, confirmed
15 │ that the DOJ "is investigating possible violations of antitrust law in the optical disc
16 │ drive industry."

17 │     28.    On October 27, 2009, Hitachi, Ltd., one of Defendant Hitachi-LG's joint
18 │ venturers, confirmed that its optical disc drive operations in the U.S. received a
19 │ subpoena from the DOJ in a widening investigation into possible anticompetitive
20 │ practices.  Hitachi, Ltd. acknowledged that Hitachi-LG was also under
21 │ investigation by European Union and Singapore regulators.

22 │     29.    Members of the Hitachi corporate family have participated in collusive
23 │ and anticompetitive behavior in other markets.  For example, on May 22, 2009, a
24 │ subsidiary of Hitachi, Ltd., Hitachi Displays Ltd., pled guilty to participating in a
25 │ conspiracy to fix prices and control supplies of thin film transistor-liquid crystal
26 │ display ("TFT-LCD") panels.  It agreed to pay a $31 million fine.  Hitachi
27 │ Displays Ltd. is also a defendant in *In Re: TFT-LCD (Flat Panel) Antitrust*

28 │

-7-

CLASS ACTION COMPLAINT

1  *Litigation*, Northern District of California, Case No. M07-1827 SI (MDL No.

2  1827).

3      30.    Likewise, members of the LG corporate family have also participated in

4  collusive and anticompetitive activities in the past. For example, on December 15,

5  2008, a subsidiary of LG Electronics, Inc., LG Display Co., pled guilty to

6  participating in the TFT-LCD conspiracy and agreed to pay a $400 million fine.

7  LG Display Co. also is a named defendant in the *TFT-LCD (Flat Panel) Antitrust*

8  *Litigation*.

9      31.    On October 27, 2009, Toshiba Corporation, one of Defendant TSST's

10  joint venturers, confirmed that TSST received a DOJ subpoena in a widening

11  investigation into potential antitrust violations by its optical disc drive operations

12  in the U.S. Toshiba Corporation also acknowledged that TSST was answering

13  related queries from authorities in other regions.

14      32.    Toshiba Corporation has been the subject of governmental

15  investigations into worldwide conspiracies to fix prices and control supplies of

16  TFT-LCD panels and cathode ray tubes, among other products. Toshiba

17  Corporation is a defendant in the *TFT-LCD (Flat Panel) Antitrust Litigation*, as

18  well as in *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Northern District of

19  California, Case No. 07-5944 SC (MDL No. 1917).

20      33.    Samsung Electronics Co., Ltd., TSST's other joint venturer, also has a

21  history of collusive and anticompetitive behavior in other markets. In 2005,

22  pursuant to charges brought by the DOJ, Samsung Electronics Co., Ltd. pled guilty

23  to participating in a price-fixing conspiracy involving dynamic random access

24  memory ("DRAM"). As part of its guilty plea, Samsung Electronics Co., Ltd.

25  agreed to pay a fine of $300 million. In addition, Samsung Electronics Co., Ltd. is

26  a major player in the TFT-LCD industry currently under investigation by the DOJ.

27  Although not publicly confirmed, it is widely believed to be in the U.S. DOJ

28                                  - 8 -

CLASS ACTION COMPLAINT

1  leniency program with respect to this investigation.  Samsung Electronics Co., Ltd.

2  is also a defendant in the *TFT-LCD (Flat Panel) Antitrust Litigation* and the

3  *Cathode Ray Tube (CRT) Antitrust Litigation.*

4                     **CLASS ACTION ALLEGATIONS**

5      34.    Plaintiff brings this action on her own behalf and on behalf of all others

6  similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The

7  Class is defined as follows:

8              All persons and entities who directly purchased an Optical

9              Disc Drive Product, in the United States, from any

10             Defendant, subsidiary, or affiliate thereof, or any co-

11             conspirator, at any time from November 2005 to present.

12             Excluded from the Class are governmental entities,

13             Defendants, Defendants' respective predecessors,

14             subsidiaries, affiliates, business partners, and co-

15             conspirators, and any judges assigned to hear any aspect of

16             this action.

17     35.    Because such information is in the exclusive control of the Defendants,

18  Plaintiff does not know the exact number of members in the Class.  However,

19  Plaintiff believes that the members number in the many thousands and are

20  sufficiently numerous and geographically dispersed throughout the U.S. to render

21  joinder of all Class members impracticable.

22     36.    Common questions of law and fact include:

23             (a)    whether Defendants engaged in a combination or conspiracy to

24  fix, raise, maintain, and stabilize the prices for Optical Disc Drive Products sold in

25  the U.S.;

26             (b)    the duration of the conspiracy and the nature and character of

27  the acts performed by Defendants in furtherance of the conspiracy;

28                                   - 9 -

CLASS ACTION COMPLAINT

1    (c)    whether Defendants violated Section 1 of the Sherman Act;

2    (d)    whether the conduct of the Defendants caused injury to Plaintiff

3    and the members of the Class;

4    (e)    the effect of Defendants' conspiracy on prices of Optical Disc

5    Drive Products charged to Class members during the Class Period;

6    (f)    whether Defendants fraudulently concealed their conspiracy so

7    as to equitably toll any applicable statutes of limitation;

8    (g)    the appropriate measure of damages sustained by Plaintiff and

9    Class members; and

10    (h)    whether the Class is entitled to injunctive relief to prevent the

11    continuation or recurrence of the violations of Section 1 of the Sherman Act

12    alleged in this Complaint.

13    37.    Plaintiff's claims are typical of the claims of the Class members on

14    whose behalf they are asserted because the claims arise from the same common

15    course of conduct of Defendants and the relief Plaintiff seeks is common to the

16    members of the Class.

17    38.    Plaintiff will fairly and adequately protect the interests of the Class.

18    Plaintiff also has no interests that are antagonistic to the members of the Class and

19    has retained counsel competent and experienced in the prosecution of class actions

20    and antitrust litigation to represent herself and the Class.

21    39.    The prosecution of separate actions by the individual members of the

22    Class would create a risk of inconsistent or varying adjudications, establishing

23    incompatible standards of conduct for Defendants.

24    40.    Defendants have acted, and refused to act, on grounds generally

25    applicable to the Class, thereby making appropriate final injunctive relief with

26    respect to the Class as a whole.

27

28
    CLASS ACTION COMPLAINT

- 10 -

41.  The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

42.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all damaged Class members is impracticable.  The damages suffered by individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation.  Absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them.  The class action device presents fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

## CLAIM FOR RELIEF

### (Violation of §1 the Sherman Act)

43.  Plaintiff incorporates by reference all of the above allegations as if fully set forth below.

44.  During the Class Period, Defendants and their co-conspirators engaged in a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and stabilize the prices of Optical Disc Drive Products in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

45.  In formulating and effectuating the alleged contract, combination, or conspiracy, Defendants and their co-conspirators engaged in anti-competitive activities, the purpose and effect of which were to artificially raise, fix, maintain, and stabilize the prices of Optical Disc Drive Products.  These activities included:

(a)  agreeing to charge at certain levels and otherwise to fix, raise, maintain, and stabilize the prices of Optical Disc Drive Products;

(b)  charging prices at agreed-upon levels, thereby fixing the prices of Optical Disc Drive Products at the agreed-upon rates; and

- 11 -

CLASS ACTION COMPLAINT

(c)    subsequently holding meetings, conversations, and communications to monitor and enforce the previously agreed-upon and set prices.

46.    During the Class Period, Defendants sold Optical Disc Drive Products in a continuous and uninterrupted flow of interstate, import and foreign commerce. Defendants received payment for such sales across state and national boundaries. Defendants' activities, and the sale of their Optical Disc Drive Products, have both taken place within, and have had a substantial anticompetitive effect upon, interstate commerce within the U.S.

47.    Plaintiff, on behalf of herself and the Class, seeks injunctive relief and treble damages, and such other relief that the Court deems necessary and appropriate.

48.    The combination and conspiracy had the following effects, among others:

(a)    the prices charged by Defendants, and paid by Plaintiff and the members of the Class, for Optical Disc Drive Products were fixed, raised, maintained and stabilized at artificially high and non-competitive levels;

(b)    Plaintiff and the members of the Class have been deprived of free and open competition in the purchase of Optical Disc Drive Products from Defendants; and

(c)    Plaintiff and the members of the Class have been required to pay more for Optical Disc Drive Products purchased from Defendants in the U.S. than they would have paid in a competitive marketplace absent Defendants' price-fixing conspiracy.

49.    As a direct and proximate result of Defendants' illegal conspiracy, Plaintiff and the members of the Class have been injured and financially damaged in their respective businesses and property, in an amount to be determined according to proof at trial.

- 12 -

CLASS ACTION COMPLAINT

## FRAUDULENT CONCEALMENT

50. Throughout the relevant period, Defendants and their co-conspirators affirmatively and fraudulently concealed their unlawful conduct from Plaintiff and the Class.

51. Plaintiff and the members of the Class did not become aware of the alleged conspiracy until on or about October 23, 2009, when it was disclosed that the U.S. DOJ, along with various foreign authorities, were investigating anticompetitive conduct in the optical disc drive market. Plaintiff and the members of the Class did not and could not have discovered Defendants' conspiracy earlier than October 23, 2009 through the exercise of reasonable diligence because of Defendants' active and purposeful concealment of their unlawful activities.

52. Defendants and their co-conspirators affirmatively concealed their conspiracy in at least the following respects:

(a) by agreeing amongst themselves not to discuss publicly, or otherwise reveal, the nature and the substance of the acts and communications in furtherance of their illegal scheme;

(b) by engaging in secret meetings, conversations, and communications in order to further their illicit conspiracy;

(c) by publicly giving false and pretextual reasons for their pricing of Optical Disc Drive Products, and for the increases in those prices during the Class Period, and by falsely describing such pricing and increases as being the product of external cost increases and unilateral decisions, rather than collusion; and

(d) by effectively denying any price-fixing of Optical Disc Drive Products in their public statements.

53. As a result of Defendants' fraudulent concealment of their conspiracy, Plaintiff, on behalf of herself and the Class, asserts that any applicable statute of

- 13 -

CLASS ACTION COMPLAINT

1  limitations affecting their rights of action against Defendants was tolled until
2  October 23, 2009.

3                          **PRAYER FOR RELIEF**

4      WHEREFORE, Plaintiff requests:

5      (a)    That the Court determine that this action may be maintained as a class
6  action under Rule 23(a) and Rules 23(b)(2) and (3) of the Federal Rules of Civil
7  Procedure, determine that the Plaintiff seeking to represent the Class is an adequate
8  Class representative, and direct that reasonable notice of this action, as provided by
9  Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to members of the
10  Class;

11      (b)    That the Court adjudge and decree that Defendants' contract,
12  combination, and conspiracy alleged in this Complaint are *per se* unreasonable
13  restraints of trade in violation of Section 1 of the Sherman Act;

14      (c)    That Plaintiff and the members of the Class recover damages, as
15  provided by law, and that a joint and several judgment in favor of Plaintiff and the
16  Class be entered against Defendants in an amount to be trebled in accordance with
17  the law;

18      (d)    That Defendants and their respective successors, assigns, parents,
19  subsidiaries, affiliates and transferees, and their respective officers, directors,
20  agents and employees, and all other persons acting or claiming to act on behalf of
21  Defendants and their co-conspirators, or in concert with them, be permanently
22  enjoined and restrained from, in any manner, continuing, maintaining or renewing
23  the combination, conspiracy, agreement, understanding or concert of action, or
24  adopting any practice, plan, program or design having similar purpose or effect in
25  restraining competition;

26      (e)    That the Court award Plaintiff and the members of the Class
27  attorneys' fees and costs as provided by law;

28                                    - 14 -

CLASS ACTION COMPLAINT

1       (f)    That the Court award Plaintiff and the members of the Class pre-

2   judgment and post-judgment interest as permitted by law, and that interest be

3   awarded at the highest legal rate from and after the date of service of the initial

4   complaint in this action; and

5       (g)    That the Court award Plaintiff and the members of the Class such

6   other and further relief as it deems just, necessary and appropriate.

7   **JURY TRIAL DEMANDED**

8       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

9   demands a jury trial as to all triable claims and issues.

10

11  DATED: November 12, 2009

**GLANCY BINKOW & GOLDBERG LLP**

By: _____
    Michael Goldberg
1801 Avenue of the Stars, Ste. 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: info@glancylaw.com

**GLANCY BINKOW & GOLDBERG LLP**

Susan Kupfer
One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone: (415) 972-8160
Facsimile: (415) 972-8166
E-mail: skupfer@glancylaw.com

*Attorneys for Plaintiff Diana Saed*

- 15 -

CLASS ACTION COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DIANA SAED

**DEFENDANTS**
SONY OPTIARC AMERICA INC.; HITACHI-LG DATA STORAGE INC.; and
TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael Goldberg #188669 -- Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067
(310) 201-9150tel (310) 201-9160fax info@glancylaw.com

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** to be proved

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 1 of Sherman Act, 15 USC

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☑ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SONY OPTIARC: SANTA CLARA COUNTY |
| | HITACHI: JAPAN |
| | TOSHIBA: JAPAN |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date NOVEMBER 12, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |